UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| KIM FLETCHER and ARMANDO FLETCHER, | CASE NO.: _____ |
| Plaintiffs, | |
| v. | |
| WELLS FARGO BANK; and UNION SECURITY LIFE INSURANCE CO., | |
| Defendants. | |

## NOTICE OF REMOVAL TO FEDERAL COURT

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), through its attorneys and pursuant to 28 U.S.C. §§ 1441(a) and 1446 and D.N.M. L.R.-Civ. 81.1, removes this civil action from the Sixth Judicial District Court, County of Grant, New Mexico to the United States District Court for the District of Colorado.  The grounds for removal are as follows:

1. Plaintiffs Kim and Armando Fletcher commenced this action against Wells Fargo and Union Security Life Insurance Co. ("Union Security") in the Sixth Judicial District Court, County of Grant, New Mexico on November 19, 2015, in Case Number D-608-CV-2015-00228 ("State Court Action").

2. On January 13, 2016, Wells Fargo was served with a copy of the Summons and Complaint.  A copy of the Summons and Complaint are attached as **Exhibit 1**.  Removal is therefore timely under 28 U.S.C. § 1446(b), because this Notice is filed within 30 days after service upon Wells Fargo and within one year of the commencement of the action.

3. Upon information and belief, on January 15, 2015, Union Security was served with a copy of the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Union Security consents to removal of the State Court Action.

4. Under 28 U.S.C. § 1441, this Court is the appropriate forum in which to file this Notice of Removal because the United States District Court for the District of New Mexico is the federal judicial district embracing the Sixth Judicial District Court, County of Grant, the county in which the State Court Action was filed.

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this matter is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims in the State Court Action because they are so related to the claims over which this Court has original jurisdiction under 28 U.S.C. § 1332 that they form part of the same case or controversy.

7. Wells Fargo understands that Plaintiffs reside in New Mexico, and are therefore believed to be citizens of New Mexico. *See* Ex. 1, Complaint at ¶¶ 1-2.

8. Wells Fargo is a national bank organized under the National Bank Act. For jurisdictional purposes, a national bank is a citizen of the state designated as its main office on its organization certificate. 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318

(2006). Wells Fargo was, at the time of the filing of this action, and still is, a national banking association having its designated main office in South Dakota.

9. Upon information and belief, Union Security merged into American Bankers Life Assurance Company ("ABLAC"). ABLAC is incorporated and maintains its principal place of business in Florida.

10. To meet the jurisdictional requirement under 28 U.S.C. § 1332, Wells Fargo must establish that Plaintiffs' damages could exceed $75,000, exclusive of interest and costs. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the amount in controversy is not stated specifically in the pleadings, the allegations contained in the Notice of Removal should be given determinative weight. *See Longquist v. J.C. Penny*, 421 F.2d 597, 599 (10th Cir. 1970).

11. While Wells Fargo disputes that Plaintiffs are entitled to any damages as against Defendants, Plaintiffs nonetheless seek an amount in excess of $75,000 for the following reasons. First, Plaintiffs allege that Defendants wrongfully cancelled and denied benefits under a disability insurance policy that should have provided coverage in the amount of $50,803.20. *See* Ex. 1, Complaint at ¶ 14. Second, Plaintiffs seek unspecified amounts of punitive damages for their breach of contract and negligence claim (Count I), breach of contract by agent, agent negligence, breach of fiduciary duties and insurance agent malpractice claim (Count II), and bad faith and violations of New Mexico's insurance code and unfair practices act claim (Count III). *Id*. at ¶¶ 32-70. Third, Plaintiffs seek an unspecified amount of treble damages, which may be awarded under New Mexico's unfair practices act, N.M.S.A. § 57-12-10(B). *Id*. at ¶¶ 56-70.

12. "A claim for punitive damages may be included in the jurisdictional amount to the extent of recovery that New Mexico punitive-damage law allows." *Walker v. THI of New Mexico at Hobbs Ctr.*, 803 F. Supp. 2d 1287, 1327 (D.N.M. 2011) (citations omitted); *Wiatt v. State Farm Ins. Companies*, 560 F. Supp. 2d 1068, 1075 (D.N.M. 2007) (stating that the ratio of punitive damages to the harm should not generally exceed ten to one under New Mexico law).

13. Similarly, where treble damages are authorized under state law, they too may be considered in determining whether the amount in controversy threshold is satisfied for removal under 28 U.S.C. § 1332. *See Cinalli v. Kane*, 191 F. Supp. 2d 601, 606 (E.D. Pa. 2002) (citing *Suber v. Chrysler Corp.*, 104 F.3d 578, 586-87 (3d Cir. 1997)); *Greco v. Jones*, 992 F. Supp. 2d 693, 700 n. 8 (N.D. Tex. 2014) (court may consider treble damages sought under state's deceptive trade practices act when determining the amount in controversy).

14. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

15. Pursuant to 28 U.S.C. § 1446, Counsel for Wells Fargo has caused a copy of this Notice of Removal to be filed in the State Court Action. A copy of the state court notice is attached as **Exhibit 2**.

16. Pursuant to D.N.M. L.R.-Civ. 81.1(a), copies of all records and proceedings from the State Court Action are attached to this Notice of Removal. The Summons and Complaint are attached as **Exhibit 1**. All other documents filed in the State Court Action are attached as **Exhibit 3**.

WHEREFORE, Wells Fargo requests that this Notice of Removal be filed, the State Court Action be removed to and proceed hereafter in this Court, and no further proceedings be had in the State Court Action.

Dated this 12th day of February, 2016.

                              Respectfully Submitted,

                              SNELL & WILMER L.L.P.

By:   */s/Allison L. Biles*
       Allison L. Biles
       1200 17th Street, Suite 1900
       Denver, Colorado 80202
       Telephone:  303.634.2000
       Facsimile:  303.634.2020
       abiles@swlaw.com
       *Attorney for Defendant Wells Fargo Bank, N.A.*

## **CERTIFICATE OF SERVICE**

      I certify that on February 12, 2016, I filed the foregoing document electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David M. Houliston
Law Offices of David M. Houliston
500 Tijeras, NW
Albuquerque, NM 87102
*Attorney for Plaintiffs*


*/s/Allison L. Biles*
23483581