# EXHIBIT 1

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

<table>
<tr><td colspan="2" align="center">**SUMMONS**</td></tr>
<tr>
<td>District Court: SIXTH JUDICIAL<br>Grant County, New Mexico<br>Court Address:<br>Grant County Courthouse<br>P.O. Box 2339<br>201 N. Cooper Street, 1st Floor<br>Silver City, NM 88062<br>Court Telephone No.: 575-538-3250</td>
<td>Case Number:<br>D.608.CV.2015.00228<br><br>Assigned Judge:<br>The Honorable Henry R. Quintero</td>
</tr>
<tr>
<td>KIM FLETCHER and ARMANDO A. FLETCHER, JR.<br><br>     Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK and<br>UNION SECURITY LIFE INSURANCE CO.,<br>Defendants.</td>
<td>Defendant<br><br>WELLS FARGO BANK<br>200 Lomas NW<br>Albuquerque, NM 87102</td>
</tr>
</table>

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.    A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.    You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court=s address is listed above.

3.    You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____ Silver City _____, New Mexico, this 3rd day of December, 2015 .

CLERK OF DISTRICT COURT

By: /s/ Sonia Carbajal                     /s/ David M. Houliston
        Deputy                    Signature of Attorney for Plaintiff
                                  DAVID M. HOULISTON
                                  *Attorneys for Plaintiffs*
                                  500 Tijeras NW
                                  Albuquerque, NM 87102
                                  Phone: 505 247-1223
                                  Fax: 505 214-5204
                                  dmhouliston@gmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

### RETURN[1]

STATE OF NEW MEXICO    )
                       )ss
COUNTY OF _____    )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this
lawsuit, and that I served this summons in _____ county on the _____ day of
_____, _____, by delivering a copy of this summons, complaint, and initial discovery
attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons
and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when
service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by
mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint
attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the
usual place of abode of defendant _____, (*used when the defendant is not presently at
place of abode*) and by mailing by first class mail to the defendant at _____ (*insert
defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business
or employment of the defendant and by mailing by first class mail to the defendant at

_____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]    to _____ , an agent authorized to receive service of process for defendant _____          .

[ ]    to _____ , [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ *(name of person)*, _____ , *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

6TH JUDICIAL DISTRICT COURT
GRANT COUNTY NM
FILED IN MY OFFICE
11/19/2015 10:38:24 AM
MICHAEL M. MEDINA
DISTRICT COURT CLERK

MMM

SIXTH JUDICIAL DISTRICT COURT
COUNTY OF GRANT
STATE OF NEW MEXICO

KIM FLETCHER and
ARMANDO A. FLETCHER, JR.,

        Plaintiffs,

vs.                No.

WELLS FARGO BANK; and,
UNION SECURITY LIFE INSURANCE CO.

        Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT, REFORMATION OF CONTRACT, BREACH OF CONTRACT, INSURANCE BAD FAITH, NEGLIGENCE, COMPENSATORY DAMAGES, AND UNFAIR TRADE AND INSURANCE PRACTICES

COME NOW Plaintiffs, Kim Fletcher and Armando A. Fletcher, Jr., by and through their

attorneys of record LAW OFFICES OF DAVID M. HOULISTON (David M. Houliston) and

pursuant to the New Mexico Rules of Civil Procedure, hereby states for their complaint against

Defendants, as follows:

### JURISDICTION AND VENUE

1.Plaintiff Kim Fletcher is a resident of Grant County New Mexico, and at all times

material hereto was over the age of 18, and otherwise competent to make this Complaint.

2.Plaintiff Armando A. Fletcher, Jr., is a resident of Grant County New Mexico, and at all

times material hereto was over the age of 18, and otherwise competent to make this Complaint.

-1-

3. Defendant Union Security Life Insurance Company ("Union Security") is a foreign corporation, headquartered in Wilmington, Delaware and is licensed to sell insurance in New Mexico, and authorized to do business as an insurer throughout the State.

4. Defendant Union Security writes business in New Mexico through banks and finance companies, one of which is Defendant Wells Fargo Bank ("Wells Fargo").

5. Defendant Wells Fargo is a foreign corporation, headquartered in San Francisco, California with a registered agent in Santa Fe County, New Mexico, and is authorized to do business as an insurance company throughout the state.

6. At all material times, Defendant Wells Fargo wrote and was the "First Beneficiary" on the life and disability insurance policy from Defendant Union Security that Plaintiffs held.

7. At all material time, Defendant Union Security acted though its agent Defendant Wells Fargo; and Defendant Wells Fargo acted through its agents and employees. The acts and conduct alleged in this Complaint were directed by, known by, authorized by, and ratified by Defendant Union Security and Defendant Wells Fargo.

8. Defendant Union Security and Defendant Wells Fargo are liable for the acts and failure(s) to act of its employees, agents and/or representatives.

9. Defendant Wells Fargo physically sells and writes insurance policies for Defendant Union Security throughout New Mexico, including but not limited to Grant County.

10.    All causes of action against Defendants stem directly from their business activities within the State of New Mexico, and specifically from the Wells Fargo application for, and sale of, insurance policies on behalf of Union Security in Grant County, New Mexico.

-2-

11.    Jurisdiction and venue are proper in this Court.

## FACTS COMMON TO ALL COUNTS

12.    On or about August 16, 2003, Plaintiff Armando A. Fletcher, Jr. purchased the following insurance policy from Defendant Union Security through Defendant Wells Fargo: Union Security Life Insurance Company, (Assurant Group), Policy Number 20031997000410.

13.    The subject insurance policy included Life Insurance and Disability coverage for both Plaintiffs.

14.    On August 16, 2003, Defendant Union Security confirmed the policies by representing Plaintiffs had joint life insurance coverage in the amount of $65,000.00 and disability coverage in the amount of $50,803.20 with monthly disability benefits of $423.36 for the term of 120 months through Defendant Wells Fargo.

15.    Copies of the declaration pages and/or insurance cards provided by Defendant Wells Fargo to Plaintiffs attached as Exhibit 1 to this Complaint.

16.    Plaintiffs are and were at all material times hereto, husband and wife and Plaintiff Armando A. Fletcher, Jr. was the first primary insured party under the aforementioned insurance policy and Plaintiff Kim Fletcher was the second.

17.    On or about June 11, 2013, Plaintiff Kim Fletcher suffered and injury that required back surgery after it was discovered she had a herniated disc.

18.    Shortly after the injury, Plaintiff Kim Fletcher attempted to file a claim with Defendant Wells Fargo for disability benefits under the policy with Defendant Wells Fargo.

-3-

19.     On August 13, 2013, Plaintiffs received a letter from Defendant Wells Fargo stating she did not have any active disability insurance coverage and her claim was denied.

20.     The stated reason for denial was based on Defendant Wells Fargo's assertion the policy had been terminated in September of 2009 for being 90 days past due.

21.     After receiving the August 13, 2013 letter from Defendant Wells Fargo, Plaintiffs went into a local Wells Fargo Bank branch and requested printout of their monthly payment history.

22.     Upon review of the relevant payment history, Plaintiffs could not identify any missed payments.

23.     On or about August 26, 2013, Plaintiffs went back to the same Wells Fargo Bank branch and spoke to Robert Nicoma, a Wells Fargo employee. After quickly reviewing the file, Mr. Nicoma told Plaintiffs their disability insurance was mistakenly cancelled and that the Bank would look into the issue and contact them at a later date.

24.     After speaking with Mr. Nicoma, Plaintiffs received another letter from Defendant Wells Fargo on or about August 27, 2013 that again stated their claim for disability benefits was being denied because their disability insurance had been terminated in August of 2009 due to the policy being 90 days past due.

25.     Plaintiffs again contacted Defendant Wells Fargo regarding the denial and was told Wells Fargo personnel were looking into the matter.

26.     After waiting for about one (1) month for a response, on or about September 30, 2013, Plaintiffs received a call from the Wells Fargo Bank "Resolution Team" and was informed

-4-

nothing could be done to reverse Wells Fargo's initial denial of coverage because it had been too long since the policy had been cancelled.

27.     In response, Plaintiffs called Defendant Wells Fargo on several occasions in an attempt to have the previous denial reversed; however, Defendant Wells Fargo did not formally respond again until on or about May 19, 2014, when a check in the amount of $183.85 was sent from Defendant Wells Fargo to Plaintiffs.

28.     The check was accompanied by a note stating Defendant Wells Fargo's records showed Plaintiffs' had purchased the policy but then cancelled it shortly thereafter.  The note also explained the associated check was reimbursement for payments made under the plan.

29.     However, the note did not state who cancelled the policy, for what reason or on what specific date.  The stated reason for cancellation was also in conflict with the stated reasons for cancellation contained in the previous letters Defendant Wells Fargo had sent to Plaintiffs.  Further, neither Plaintiffs ever received a letter or any other communication from the Defendant Wells Fargo or Defendant Union Security confirming cancellation of the policy.  As a result, Plaintiffs refused to cash the check and refute any claims they cancelled the subject policy.

30.     Further, prior to making her claim for disability benefits, neither Plaintiffs had been notified by Defendant Wells Fargo or Union Security that the subject policy had been cancelled or terminated.

31.     As a result of the improper termination of their policy and subsequent denial of disability benefits, Plaintiffs suffered significant injury and damages.

## COUNT I

-5-

## BREACH OF CONTRACT AND NEGLIGENCE

32.     The allegations of paragraphs 1 through 31 are incorporated by reference as though set forth fully herein.

33.     Plaintiffs have made repeated demands for the disability insurance coverage that should have been provided to them by Defendants.

34.     Under the contract of insurance with Defendants, Wells Fargo and Union Security initially asserted Plaintiffs' disability coverage was terminated for premium payments being 90 days past-due; however, six months later the reason for denial was changed and Defendants' asserted benefits were being denied because Plaintiffs had cancelled the relevant policy.

35.     Plaintiffs' payment records do not support the claim that payments on the policy were ever late and neither Plaintiffs ever attempted to cancel the subject policy.

36.     Plaintiffs have been damaged by Defendants' breach of contract.

37.     Defendants' conduct was in bad faith, malicious, willful, wanton, fraudulent, and/or in reckless disregard of Plaintiffs' rights.

38.     Defendants had a duty to procure and provide the insurance coverage required, requested, and reasonably expected by its insureds.

39.     Defendants negligently cancelled the insurance coverage for being past-due when it was not past due. Plaintiffs made the requisite premium payments on time and never deviated from the payment method that had been agreed to and accepted by Wells Fargo for nearly six (6) years prior to the claimed cancellation of the policy.

40.    Defendants failed to follow customary insurance industry practices, and/or their own normal and customary procedures, in selling and providing insurance to Plaintiffs, including but not limited to failing to follow insurance industry rules, laws and procedures that were designed to safeguard and properly advise Defendants' insureds.

41.    Plaintiffs justifiably relied on Defendants' conduct in their purchase of insurance.

42.    As a result of Defendants' negligence, Plaintiffs have been damaged, and have been denied insurance coverage that should have been provided to them.

43.    Defendants have failed and refused to pay any portion of the disability benefits claimed by and due to Plaintiffs.

44.    Defendants' conduct was in bad faith, malicious, willful, wanton, fraudulent, and/or in reckless disregard of Plaintiffs' rights.

WHEREFORE Plaintiffs request damages from Defendants to determined for insurance coverage which should have been provided to and paid to Plaintiffs by Defendants, for compensatory damages, for consequential damages, for punitive damages, for costs, attorneys fees, pre- and post-judgment interest and for such other and further relief as the Court determines is just and warranted.

## COUNT II
## BREACH OF CONTRACT BY AGENT, AGENT NEGLIGENCE, BREACH OF FIDUCIARY DUTIES, AND INSURANCE AGENT MALPRACTICE

45.    The allegations of paragraphs 1 through 44 are incorporated by reference as though set for fully herein.

-7-

46.     At all times material hereto, a fiduciary relationship existed between Defendants and Plaintiffs.

47.     Defendant Wells Fargo as direct writer and seller of insurance policies and coverages, acted as an agent for the purpose of selling insurance. It had a duty to properly represent the Plaintiffs' interests and to act in accordance with the accepted and required standards of conduct for a professional insurance agent in New Mexico.

48.     Defendant Union Securities, as the Insurance Company which issued the policy Defendant Wells Fargo sold, had a duty to ensure its agent, Defendant Wells Fargo, was acting appropriately and fairly when it sold insurance policies on its behalf.

49.     As a result of their individual actions and failures, Defendants failed to act within the accepted and required standards owed by an insurance professional and agents to its clients.

50.     Defendants also breached their fiduciary duties owed to Plaintiffs.

51.     The reasons given by Defendants for the denial of Plaintiffs' disability claim were unreasonable and contrary to accepted insurance industry standards and practices.

52.     Defendants did not follow industry-established practices and procedures in the course and scope of its dealings with Plaintiffs.

53.     Defendants failed to use ordinary care and failed to exercise the judgment and skill a reasonably prudent insurance carrier and professional sales agent would normally exercise.

54.     Plaintiffs were damaged as a direct and proximate result of Defendants' negligence, malpractice, and breach of fiduciary duty.

-8-

55.    Defendants' conduct was in bad faith, malicious, willful, wanton, fraudulent, and/or in reckless disregard of Plaintiffs' rights.

WHEREFORE, Plaintiffs' damages from Defendants to be determined for compensatory damages, consequential damages, punitive damages, costs, attorneys fees, pre- and post-judgment interest, and for such other and further relief as the Court determines is just and warranted.

## COUNT III
## BAD FAITH and VIOLATIONS OF NEW MEXICO INSURANCE CODE and the UNFAIR PRACTICES ACT

56.    The allegations of paragraphs 1 through 55 are incorporated by reference as though set for fully herein.

57.    Plaintiffs were Insureds under the policy issued by Defendants.

58.    Defendants owed a duty of good faith, fair dealing, and fiduciary obligations to its insureds.

59.    In its sale and provision of insurance, and in its handling of the disability claims, Defendants failed to exercise good faith, unreasonably denied and delayed payment, and failed to give the interests of its policyholders the same consideration as its own.

60.    In its sale of insurance to the Plaintiffs, Defendants, in bad faith, failed to do what is customarily done in the insurance industry.

61.    Defendants failure to pay Plaintiffs' disability claim was unfounded, unreasonable and in bad faith.

62.    Defendants' acts and failures to act were in reckless disregard to the policyholders' rights.

-9-

63.     Defendants failed to abide by its statutory duties under the New Mexico Insurance Code, NMSA §59A-16-1, et seq, and each such violation is negligence *per se*.

64.     Defendants misrepresented the benefits of the policy sold to and provided to Plaintiffs, and/or failed to implement and follow reasonable standards in the processing of premium payments and claims and failed to follow Defendants' own customary practices and procedures.

65.     Defendants failed to abide by their statutory duties under the New Mexico Unfair Practices Act, NMSA §57-12-1, et seq, and each such violation is negligence *per se*.

66.     Defendants committed unfair trade practices in the sale and provision of insurance to Plaintiffs, including:      A) representing the subject policy had been cancelled for being 90 days past-due in attempt to deceive the policy holders; B) subsequently retracting the initial reason for denial in favor of another manufactured reason based on the unsupported assertion Plaintiffs had cancelled the policy shortly after it was secured; C) representing the insurance was of a particular standard or quality and could be relied upon, if the policy holders payed their premiums and did not terminate coverage; D) failing to deliver the quality or quantity of insurance coverage contracted for; and, E) failing to follow Defendant's own customary practices and procedures.

67.     Defendants' acts and practices took advantage of the Plaintiffs' lack of knowledge and experience to a grossly unfair degree.

68.     Plaintiffs were damaged by Defendants' failure to act in good faith and by Defendants' violations of the Insurance Code and Trade Practices Act.

69.    Defendants' conduct was in bad faith, malicious, willful, wanton, fraudulent, and/or in reckless disregard of Plaintiffs' rights.

70.    Plaintiffs are entitled to attorney's fees and costs pursuant to NMSA §57-12-10, §59A-16-30 and §39-2-1.

WHEREFORE, Plaintiffs request damages from Defendants to be determined for insurance coverage which should have been provided to Plaintiffs by Defendants, and also for compensatory damages, consequential damages, punitive or treble damages, costs, attorneys fees, pre- and post-judgment interest and such further relief as the Court deems just and proper.

Respectfully submitted:

LAW OFFICES OF
DAVID M. HOULISTON

/s/ *David M. Houliston*
DAVID M. HOULISTON
Attorneys for Plaintiff
500 Tijeras, NW
Albuquerque, NM 87102
505-247-1223

-11-

# EXHIBIT 2

STATE OF NEW MEXICO
COUNTY OF GRANT
SIXTH JUDICIAL DISTRICT


KIM FLETCHER and ARMANDO                 CASE NO.: D-608-CV-2015-00228
FLETCHER,

                  Plaintiffs,

v.

WELLS FARGO BANK; and UNION
SECURITY LIFE INSURANCE CO.,

                  Defendants.

## <u>NOTICE OF REMOVAL</u>

TO THE CLERK OF THE SIXTH JUDICIAL DISTRICT, COUNTY OF GRANT:

       PLEASE TAKE NOTICE that on February 12, 2016, Defendant Wells Fargo Bank, N.A.

filed a Notice of Removal, a copy of which is attached as Exhibit A, removing this action in its

entirety to the United States District Court for the District of New Mexico.

                              Respectfully Submitted,

                              SNELL & WILMER L.L.P.


               By:    */s/Allison L. Biles*
                    Allison L. Biles
                    1200 17th Street, Suite 1900
                    Denver, Colorado 80202
                    Telephone:  303.634.2000
                    Facsimile:  303.634.2020
                    abiles@swlaw.com
                    *Counsel for Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF MAILING</u>

I HEREBY CERTIFY that on February 12, 2016, I filed the foregoing electronically through the Odyssey File & Serve system, which caused the following parties or counsel to be served by electronic means, as per the Notice of Electronic Filing and/or via U.S. Mail:

> David M. Houliston
> Law Offices of David M. Houliston
> 500 Tijeras, NW
> Albuquerque, NM 87102
> *Attorney for Plaintiffs*

> */s/ Allison L. Biles*       

23483893

# EXHIBIT 3

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

<table>
<tr><td colspan="2" align="center"><b>SUMMONS</b></td></tr>
<tr>
<td>District Court: SIXTH JUDICIAL<br>Grant County,  New Mexico<br>Court Address:<br>Grant County Courthouse<br>P.O. Box 2339<br>201 N. Cooper Street, 1st Floor<br>Silver City, NM  88062<br>Court Telephone No.: 575-538-3250</td>
<td>Case Number:<br>D.608.CV.2015.00228<br><br>Assigned Judge:<br>The Honorable Henry R. Quintero</td>
</tr>
<tr>
<td>KIM FLETCHER and ARMANDO A.<br>FLETCHER, JR.<br><br> Plaintiffs, <br>v.<br><br>WELLS FARGO BANK and<br>UNION SECURITY LIFE INSURANCE CO.,<br>Defendants.</td>
<td>Defendant<br><br>UNION       SECURITY       LIFE<br>INSURANCE CO.<br>c/o Office of Superintendent of<br>Insurance<br>State of New Mexico<br>P.O. Drawer 1689<br>Santa Fe, New Mexico   87504-1689</td>
</tr>
</table>

<b>TO THE ABOVE NAMED DEFENDANT(S)</b>:  Take notice that

**1.**      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

**2.**      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court=s address is listed above.

**3.**       You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**      If you need an interpreter, you must ask for one in writing.

**7.**      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at ____Silver City_____, New Mexico, this _3rd_ day of _December__, 20_15_ .

CLERK OF DISTRICT COURT

By:  /s/ Sonia Carbajal                                    /s/ David M. Houliston
       Deputy                              Signature of Attorney for Plaintiff
                                         DAVID M. HOULISTON
                                         *Attorneys for Plaintiffs*
                                         500 Tijeras NW
                                         Albuquerque, NM  87102
                                         Phone: 505 247-1223
                                         Fax: 505 214-5204
                                         dmhouliston@gmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO  )
                      )ss
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, complaint, and initial discovery attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]     to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at

_____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]        to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

### USE NOTE

     1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
     2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

## WELLS FARGO SERVICE OF PROCESS COVER SHEET

**WELLS FARGO**

Procedure:

- **Complete the Cover Sheet in its entirety.** Use a separate cover sheet for each service and forward individually. Multiple documents received together for the same case should be sent as one service. Incomplete cover sheets may cause a delay resulting in a loss to WF.
- **Email (preferred method) or Fax document(s) the day received.**
- Place pages in order with envelope as the last page. **Always include the envelope.** Include the back of any double-sided pages in the correct page order.
- If all pages do not go through, write "Re-fax" on the cover sheet and re-fax the entire document.
- If unable to email or fax due to poor quality/size/equipment issues/etc, overnight original service.
- **Retain the original in your file unless there is a check attached.** If a check is attached, please fax or email and then send a copy of the service with the check to N0001-101.

| | |
|---|---|
| TO: | Service of Process |
| COMPANY: | Corporation Service Company |
| E-MAIL: | WellsFargosop@cscglobal.com |
| FAX NO.: | 866-487-4597 (International Fax No. 011-1-866-487 4597) |
| OVERNIGHT: | Attn: Brenda Coy/Wells Fargo (800-927-9801, x 62918/brenda.coy@cscglobal.com) |
| | Corporation Service Company |
| | 1201 Hays St, Tallahassee, FL 32301 |
| PLEASE NOTE: | The contact information above is for use by WF team members only. _Do not_ provide this information to customers or other third parties. |
| | CSC cannot provide guidance or advice in regards to your document or legal questions but will forward documents to the appropriate WF contact for review/handling. |

| | |
|---|---|
| DATE: | 1/13/16 |
| TOTAL PAGES: | 28 (including cover sheet) |
| | If you do not receive all pages or have any questions, please contact the following: |
| NAME: | Kristin Freshman |
| PHONE NO.: | 505-766-6412 |
| EMAIL: | Kristin.e.freshman@wellsfargo.com |
| AU/BUSINESS LINE: | 05010 |
| CASE NAME: | d.608.cv.2015.00228 |

| | |
|---|---|
| STATE SERVED: | 1/13/16 |
| DATE OF SERVICE: | 1/13/16 If "Unknown", check here. |
| TIME DOCUMENTS SERVED: | 4:22pm If "Unknown", check here. |
| METHOD OF SERVICE: | in person If "Other": |
| ORIGINALLY SERVED ON: | 1/13/2016 If Other is selected, please complete: |
| COMMENTS/NOTES: | |

For more information, please see the Service of Process Team website:
http://wflegal.homestead.wellsfargo.com/Divisions/Litigation%20and%20Workout/P1/Pages/ifserved.aspx

### For Use by Wells Fargo Only.

This facsimile contains information which (a) may be LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) is intended only for the use of the Addressee(s) named below. If you are not the Addressee, or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying or distributing this facsimile is prohibited. If you have received this facsimile in error, please telephone us immediately in order to mail the facsimile back to us. Thank you.

#1137975-v13        Revised 11/9/2015

6TH JUDICIAL DISTRICT COURT
GRANT COUNTY NM
FILED IN MY OFFICE
1/25/2016 10:12:22 AM
MICHAEL M. MEDINA
DISTRICT COURT CLERK
Lynn Hefele

**4-206. Summons.**

[For use with District Court Civil Rule 1-004 NMRA]

<table>
<tr><td colspan="2" align="center"><strong>SUMMONS</strong></td></tr>
<tr>
<td>District Court: SIXTH JUDICIAL<br>Grant County, New Mexico<br>Court Address:<br>Grant County Courthouse<br>P.O. Box 2339<br>201 N. Cooper Street, 1st Floor<br>Silver City, NM 88062<br>Court Telephone No.: 575-538-3250</td>
<td>Case Number:<br>D.608.CV.2015.00228<br><br>Assigned Judge:<br>The Honorable Henry R. Quintero</td>
</tr>
<tr>
<td>KIM FLETCHER and ARMANDO A.<br>FLETCHER, JR.<br><br>          Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK and<br>UNION SECURITY LIFE INSURANCE CO.,<br>Defendants.</td>
<td>Defendant<br><br>WELLS FARGO BANK<br>200 Lomas NW<br>Albuquerque, NM 87102</td>
</tr>
</table>

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

**1.**     A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.**     You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court=s address is listed above.

**3.**     You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.**     If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.**     You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.**     If you need an interpreter, you must ask for one in writing.

**7.**     You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Silver City_____, New Mexico, this _3rd_ day of _December_, 20_15_.

CLERK OF DISTRICT COURT

By: /s/ Sonia Carbajal
     Deputy

                 /s/ David M. Houliston
        Signature of Attorney for Plaintiff
           DAVID M. HOULISTON
           *Attorneys for Plaintiffs*
           500 Tijeras NW
           Albuquerque, NM 87102
           Phone: 505 247-1223
           Fax: 505 214-5204
           dmhouliston@gmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO  )
                  )ss
COUNTY OF *Grant*  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *Bernalillo* county on the *13th* day of *January*, *2016*, by delivering a copy of this summons, complaint, and initial discovery attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at

_____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]     to _____, an agent authorized to receive service of process for defendant _____.

[ ]     to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

⚓ to _Kristin Freshmen_ *(name of person)*, _Service Manager, II_ ,*(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: $30

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this ___ day of _January_ , 2016 [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

> OFFICIAL SEAL
> ALICE EBEL
> Notary Public
> State of New Mexico
> My Comm. Expires 10:22:16

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]